IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:15-cv-675-FL

| | |
|---|---|
| SHIRLEY EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TWC ADMINISTRATION LLC, )<br>)<br>Defendant. )<br>) | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Just like Plaintiff's Initial Memorandum of Law in Support of Motion for Partial Summary Judgment ("Plaintiff's Summary Judgment Brief") (DE-34), Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response") (DE-43) blatantly ignores and grossly misrepresents key witness testimony, and summarily dismisses relevant contradictory authority. Despite the abundance of repeated mischaracterizations of record evidence and contrived legal theories, nothing in Plaintiff's Response changes the fact that she cannot prove that TWC's decision not to select her for the position was the result of illegal discrimination on the basis of her race, color, gender or age in violation of Section 1981, Title VII, or the ADEA, respectively. She has proffered no evidence of anything other than her own speculation, conjecture, and straw-grasping arguments unsupported by any legal authority. Consequently, her claims of discrimination related to her non-promotion must fail as a matter of law. Since Plaintiff has now abandoned her harassment and Equal Pay Act claims, TWC is also entitled to Summary Judgment as to those claims as a matter of law. (DE-43, p. 2).

**ARGUMENT**

**I. PLAINTIFF FAILED TO ESTABLISH A PRIMA FACIE CASE.**

Plaintiff failed to establish element (3) of her *prima facie* case – that she met the

minimum qualifications for the position. Plaintiff disingenuously attempts to boil TWC's concerns about Plaintiff's qualifications for the Construction Supervisor position down to whether she knew how to make pie charts and graphs. Yet, she cannot escape the abundance of testimony from Clayton-Miller regarding Plaintiff's utter lack of financial analysis, data management, supervisory and leadership experience. (Appx. 56, 63-64, 74, 103-105). Plaintiff even cites portions of this testimony in her Response, yet continues to misrepresent or ignore the portions that contradict her position. [DE-43, p. 8]. Clayton-Miller made it abundantly clear that Plaintiff lacked the overall skillset that Clayton-Miller sought in a successful candidate and those qualifications related to more than just basic Excel capabilities. (Appx. 70, 71, 76).

As Plaintiff's supervisor for the preceding 2-plus years, Clayton-Miller had first-hand knowledge of Plaintiff's abilities, or lack thereof. In Clayton-Miller's reasonable judgment Plaintiff could not do the complex financial analysis that she sought in a successful candidate. Clayton-Miller wanted someone who could initiate new and innovative ways of analyzing her team's financial performance, implement those ideas, and then manage the team accordingly. This skill was of most importance to Clayton-Miller, and Plaintiff seemingly just did not understand that. (Appx. 70-71). Contrary to Plaintiff's assertion, the number of years worked for an employer are irrelevant if the employee is still unable to perform at the level required to meet the employer's needs. [DE-43, pp. 6, 9]

It cannot be overemphasized that Plaintiff has not actually alleged that she could have done the higher-level analytics, or had experience managing and leading people. Instead, she has chosen to argue that such skill and experience was unnecessary for the position, basing this statement on nothing other than her personal belief. Notably, there is no dispute of material fact as to whether Plaintiff actually could perform the level of work desired by Clayton-Miller of a Construction Supervisor—she could not. (Appx. 56, 63-64, 74, 103-105). Plaintiff's failure to

2

offer any evidence contradicting Clayton-Miller's assessment of her skillset is also a failure to establish a critical element of her prima facie case.

## II. PLAINTIFF FAILED TO PROVE PRETEXT.

Even assuming *arguendo* that Plaintiff established a prima facie case, which she has not, she failed to prove that TWC's legitimate non-discriminatory reason for her non-selection was pretext for discrimination, because she cannot prove both that TWC's legitimate non-discriminatory reason for not selecting Plaintiff for the position was false <u>and</u> that intentional race, color, gender or age discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11, 515–17, 113 S. Ct. 2742, 2752-2753 (1993). In the Fourth Circuit, to establish pretext, a plaintiff must have evidence sufficient to prove facts on two different levels. A plaintiff must first project evidence to establish "[t]hat the employer's proffered reason is unpersuasive, or even obviously contrived." *Settle v. Baltimore*, 34 F. Supp. 969, 991 (D. Md. 1999), *aff'd*, 203 F. 3d 822 (4th Cir. 2000). "Such evidence alone, however, 'is not in itself sufficient, under [the Fourth Circuit's] precedents, to survive [an employer's] motion for summary judgment. [The Fourth Circuit] has adopted what is best described as the 'pretext-plus' standard for summary judgment in employment cases." *Settle*, 34 F. Supp. 2d at 991 (citing *Gillins v. Berkeley Elec. Coop., Inc.*, 148 F.3d 413, 416–17 (4th Cir. 1998) (internal citations omitted)). Next, Plaintiff must demonstrate that TWC terminated her employment *because of* her race, color, gender, or age. "'[T]o survive a motion for summary judgment under the *McDonnell-Douglas* paradigm the plaintiff must do more than merely raise a jury question about the veracity of the employer's proffered justification. The plaintiff must have developed some evidence on which a juror could reasonably base a finding that discrimination motivated the challenged employment actions.'" *Id.*

### A. **Plaintiff Failed To Prove That TWC's Articulated Reasons Were**

**False.**

TWC's witnesses, in particular Clayton-Miller, clearly articulated Plaintiff's inability to perform the data management and financial analysis, as well as execute in a supervisory/leadership role, at the level of a Construction Supervisor. (Appx. 56, 63-64, 74, 103-105). The fact that she may have received praise for certain aspects of her work at the Construction Coordinator level does not mean that she necessarily would be successful at the next level. Moreover, even if Plaintiff had a basic grasp of Excel, she failed to proffer any evidence that she could do advanced analytical work that is completely independent of the use of a software program—because she can't. She cannot do the more advanced work, and she refuses to accept her shortcomings. Plaintiff may not like Clayton-Miller's explanation, but that does not make it untrue, or even less likely true than Plaintiff's alternate and completely unsupported explanation that the reason she was not selected for the position was because of her race, color, gender, or age.

Plaintiff conveniently excluded contradictory testimony from the citations to Clayton-Miller's deposition on which Plaintiff based her assertions that "Charlotte-based management does not require additional analysis of data by local management," merely because a central body has from time to time prepared uniform methods for the Construction Department to track data. [DE-43, p. 9; DE-47, p. 6]. Even if the entire department at one point in time or another used uniform methods, under Plaintiff's logic, no supervisor or manager should ever have an independent idea or take initiative to identify or try a different method. This is the essence of why Clayton-Miller believed Plaintiff lacked the skills she sought in a supervisor, and fully supports the fact that Plaintiff had no idea what Clayton-Miller expected in a supervisory position. (Appx. 71). She wanted someone who could think outside the box, come up with new ideas, and approach the work differently. Plaintiff simply could not do that, or the other

4

PPAB 3783762v3
Case 5:15-cv-00675-FL   Document 48   Filed 07/03/17   Page 4 of 9

advanced-level work that Clayton-Miller sought. Her repeated assertion that this level of work was not necessary for the Construction Supervisor position is merely an attempt to draw the Court's attention away from Plaintiff's inability to meet Clayton-Miller's expectations for the position. Notably, Plaintiff never deposed nor produced affidavit testimony from anyone else in management to support her speculation, conjecture or personal beliefs. Without same, Plaintiff has failed to establish that TWC's reasons for her non-selection are false.

Plaintiff has produced no documentary evidence or affidavit or deposition testimony from any witness other than herself showing that Clayton-Miller's articulated reasons for Plaintiff's non-selection are untrue.

Plaintiff's attempt to summarily dismiss all of the cases cited by TWC on pages 9-11 in its Initial Brief also lacks any merit. [DE-43, p. 9]. Plaintiff only attempts to distinguish the facts of three of the seven cases cited therein—*Lloyd, Sampson and Sutton.* Notably, however, the holdings of all the cases still support TWC's position that when a plaintiff does not meet the minimum qualifications for a position and would have required substantial lead-time to get up to speed—whether that be because of the plaintiff's prior discipline, education level, or supervisory, technical and operational experience—hiring the candidate with the superior qualifications is not evidence of pretext. Plaintiff has provided zero authority to contradict this long-held tenet of law, and the same remains true here.

Finally, it is just silly and illogical for Plaintiff to suggest that Vestal and Oster, the other two Construction Coordinators who were not selected for the position, were not comparators to Plaintiff because they were not Senior Coordinators. [DE-43, p. 9]. If the court were to follow that logic, that would mean Holliday was also not a comparator since his last job title was entirely different from the titles of Plaintiff, Vestal and Oster. All of the candidates for this position are comparators and it is appropriate for TWC and the Court to consider Clayton-

5

PPAB 3783762v3
Case 5:15-cv-00675-FL   Document 48   Filed 07/03/17   Page 5 of 9

Miller's rationale for the non-selection of Oster and particularly Vestal, who reported to Clayton-Miller just like Plaintiff.

> **B.** **Plaintiff Failed To Prove That Intentional Discrimination Was The Real Reason For Her Non-Selection For The Position.**

Even if Plaintiff had proven TWC's reasons for her non-selection were false, which she has not, she failed to provide one shred of evidence proving that TWC intentionally and illegally discriminated against her, a burden she must carry in order to prove pretext. Under the Fourth Circuit's precedents, establishing that the "employer's proffered reason is unpersuasive, or even obviously contrived, is not in itself sufficient to survive [a] motion for summary judgment." *Gillins v. Berkeley Elec. Coop., Inc.*, 148 F.3d 413, 416–18 (4th Cir. 1998) (affirming summary judgment for employer and finding no genuine issue of material fact where plaintiff failed to prove intentional discrimination despite possible falsity of employer's articulated reason); *see also Vaughan v. Metrahealth Companies, Inc.,* 145 F.3d 197, 201–02 (4th Cir.1998).

The complete and utter lack of any arguments or authority using the correct standard in Plaintiff's Initial Brief, Plaintiff's Response, or Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Reply") [DE-47] keenly underscore her inability to prove pretext. All of Plaintiff's filings focus exclusively on trying to prove TWC's reasons false, but fail to reach the next step of the analysis. Plaintiff had ample opportunity to address this point after TWC's multiple summary judgment filings drew Plaintiff's attention to her failure to prove pretext – she has sworn three different affidavits after already giving deposition testimony and yet still failed to even raise the second prong of the pretext standard, let alone meet it.

The record in this case is utterly devoid of any allegations of race, color, gender or age-based comments or actions showing even a scintilla of possible bias by Clayton-Miller, Smith or

6

any other decision-makers. Thus, it is no surprise that Plaintiff has proffered <u>no</u> record evidence of intentional discrimination on the basis of <u>any</u> protected characteristic, choosing instead to rest on nothing more than her own misguided belief, wishful thinking and conjecture, all of which falls woefully short of the burden she must meet to establish pretext, and withstand summary judgment.

Moreover, she has certainly failed to provide any evidence supporting the higher "but-for" standard required to establish claims of age discrimination. *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523 (2013) (reaffirming but-for standard for ADEA claims); *Gentry v. E.W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 234 (4th Cir. 2016) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) for the proposition that plaintiff carries ultimate burden of establishing that discrimination was the "but-for" cause of the adverse employment action and that "age was the 'reason' that the employer decided to act").

Consequently, due to Plaintiff's failure to establish that TWC's articulated legitimate, non-discriminatory reasons are pretext for discrimination, TWC is entitled to summary judgment as to all of Plaintiff's claims as a matter of law.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the Company's Memorandum in Support of Summary Judgment (DE-33) and Response to Plaintiff's Motion for Partial Summary Judgment (DE-42), TWC respectfully requests that its Motion for Summary Judgment be GRANTED, that Plaintiff's Motion for Summary Judgment be denied in its entirety and JUDGMENT be entered against Plaintiff and in favor of TWC on all of Plaintiff's claims.

This 3rd day of July, 2017.

        s/ Stacy K. Wood
        Stacy K. Wood; N.C. Bar No. 21768
        stacywood@parkerpoe.com

s/ Shalanna L. Pirtle
                                                Shalanna L. Pirtle; N.C. Bar No. 36996
                                                shalannapirtle@parkerpoe.com
                                                **PARKER POE ADAMS & BERNSTEIN LLP**
                                                Three Wells Fargo Center
                                                401 South Tryon Street, Suite 3000
                                                Charlotte, North Carolina 28202
                                                Telephone: (704) 335-6628
                                                Facsimile: (704) 335-4486
                                                *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing ***"Defendant's Reply in Support of Motion for Summary Judgment"*** was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel of record via the court's CM/ECF system addressed as follows:

>David H. Harris, Jr.
>Linck Harris Law Group, PLLC
>2530 Meridian Parkway, Suite 300
>Durham, North Carolina 27713
>dharris@linckharris.com

This 3rd day of July, 2017.

>s/Shalanna L. Pirtle
>Shalanna L. Pirtle
>**PARKER POE ADAMS & BERNSTEIN LLP**
>Three Wells Fargo Center
>401 S. Tryon St., Ste. 3000
>Charlotte, North Carolina 28202
>shalannapirtle@parkerpoe.com