IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-675-FL

| | |
|---|---|
| SHIRLEY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER ON BILL OF COSTS** |
| | ) |
| TWC ADMINISTRATION, LLC, | ) |
| | ) |
| Defendant. | ) |

This matter is before the clerk on the motion for bill of costs [DE-51] filed by defendant TWC Administration LLC. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

In an order filed on November 2, 2017 [DE-50], the court denied plaintiff's motion for partial summary judgment, and granted defendant's motion for summary judgment. Judgment was entered that same day [DE-50]. Defendant timely filed its motion for bill of costs [DE-51]. Plaintiff responded in opposition [DE-61] and defendant replied [DE-62].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $5,422.90 from plaintiff.

Plaintiff opposes the bill of costs in whole, arguing that she acted in good faith, and that defendant failed to mediate in good faith. This argument raises equitable concerns that go beyond the clerks' authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Plaintiff may raise equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54.

Regarding the specific costs, defendant seeks $4,111.70 for fees for transcript costs and $1,311.20 in fees for the costs of making copies. As to the transcript costs, fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). Defendant submits court reporter invoices for four transcripts and declared, through counsel, that the costs were necessarily incurred in this action [DE-82]. Moreover, the docket reveals that defendant filed excerpts from the depositions in support of its motion for summary judgment. Accordingly, the undersigned finds that the transcripts were necessarily obtained for use in the case.

Three of the invoices submitted by defendant include charges for shipping and handling, exhibit copies, expedited processing, "read and sign" services, and a "litigation package." This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing any of these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation

2

support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). The fourth invoice is not itemized. Accordingly, defendant is awarded the cost of the deposition transcript and appearance fee for the depositions of Shirley Evans, Linda Smith, and Wayne Holliday, for a total of $1,736.25. The remainder of the costs associated with the depositions of those witnesses is not allowed.[1] Given the unallowable charges on the itemized invoices, the costs related to the non-itemized invoice is DENIED without prejudice. Defendant may file a renewed motion for bill of costs, that details the allowable costs associated with that deposition, within 21 days of the filing date of this order.

Defendant also seeks $1,311.20 in exemplification and copy costs. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har–Tzion v. Waves Surf & Sport, Inc., No. 7:08–CV–137–D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to

---

[1] These excluded costs include, for Shirley Evans the Exhibits fee of $12.95, the Litigation Package fee of $42.00, the Witness Read and Sign Services fee of $25.00, and Shipping & Handling in the amount of $32.63. For Linda Smith, the excluded costs include the Expedited fee of $253.50, the Exhibits fee of $7.15, the Litigation Package fee of $42.00, and Shipping & Handling in the amount of $39.50. For Wayne Holliday, the excluded costs include the Expedited fee of $195.00, and the Exhibits fee of $2.60.

the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05–CV–55–D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). However, the cost of copies made solely for the convenience of counsel is generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n. Inc., 158 F.R.D. 364, 372 (D. Md. 1994)). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelley v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11–CV–1268–RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)).

In this case, plaintiff objects to the costs sought by defendant, arguing that the amount sought is excessive, and notes that defendant seeks $1,026.90 in costs for color copies (at $0.25 per page[2]). Plaintiff disputes that thousands of color copies were made. In response, defendant contends that the number of copies includes responses to discovery requests, copies of exhibits for depositions, and motion practice. The issue, however, is that defendant has failed to provide any itemized explanation for the copy costs. Again, defendant bears the burden of demonstrating the reason for each copying charge. It has not done so here. Accordingly, the request for copying costs is DENIED without prejudice to renew within 21 days, with adequate supporting documentation.

## CONCLUSION

For the foregoing reasons, the motion for bill of costs [DE-51] is GRANTED in part. Costs in the amount of $1,736.25 are taxed against plaintiff Shirley Evans and shall be included in the judgment. The motion for bill of costs [DE-51] is DENIED as to the other requested costs.

---

[2] The clerk observes that $1,026.90 is not divisible by $0.25.

4

Defendant may file a renewed motion for bill of costs within 21 days of the filing date of this order, supported by documentation as specified herein.

SO ORDERED. This the 9 day of July, 2018.

*[signature]*

Peter A. Moore, Jr.
Clerk of Court